UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SUN LIFE AND HEALTH INSURANCE COMPANY (U.S.) f/k/a GENWORTH LIFE AND HEALTH INSURANCE COMPANY f/k/a GE GROUP LIFE ASSURANCE COMPANY,<br><br>Plaintiffs,<br><br>-vs-<br><br>KETAN KOTHARI,<br><br>Defendant. | Civil Action No.: 4:08-cv-0212-TLW-TER<br><br>**REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

Plaintiff brings this case seeking enforcement of the terms of a disability benefits plan issued to Defendant and administered by Plaintiff. Presently before the Court is Plaintiff's Motion for Default Judgment (Document # 10). All pretrial proceedings and motions were referred to the undersigned pursuant to 28 U.S.C. § 636.

## II. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

The Plan at issue in this case is an employee-welfare-benefit plan as defined in 29 U.S.C. § 1002(1) of ERISA. Complaint at ¶ 7. Plaintiff or its predecessor administered claims for benefits under the Plan. Id. at ¶10. Pursuant to the terms of the Plan, upon proof of a qualifying disability, a participant will receive a monthly benefit equal to the lesser of either 50 percent of the participants basic monthly earnings or $5,000. The monthly benefit will be reduced by any "Other Income," but the minimum Monthly benefit under the Plan is $100. Id. at ¶ 12. Under the Plan, "Other Income" includes "any amount of disability or retirement benefits under [ ] the United States Social Security Act to which [the participant is] entitled." Id. at ¶ 13 (quoting Group Certificate (attached as Ex. A

to the Complaint)).

Sometime before September 1993, Defendant filed a claim for benefits. Id. at ¶ 15. Plaintiff reviewed and approved the claim and began paying a Monthly Benefit to Defendant. Id. The Plan provides that the claims administrator will "pay your Monthly Benefit with no reduction for estimated Other Income until any Other Income payor reaches a decision" if the participant signs an agreement to reimburse the Plan "in full for any overpayment we have made as a result of [a] decision" regarding Other Income. Id. at ¶ 16 (quoting Group Certificate). In April 1994, Defendant signed a Reimbursement Agreement with Sun Life. Id. at ¶ 17. In consideration for receiving his Monthly Benefit without reduction of estimated Other Income, Defendant agreed to 1) notify Plaintiff of the approval or denial of any Other Income, 2) allow Plaintiff to determine the correct amount of Monthly Benefit that should have been made taking into account the Other Income, and 3) repay Plaintiff immediately in a lump sum all benefits that may have been over paid. Id. (citing Reimbursement Agreement (attached as Ex. B to Complaint)). Defendant also indicated that he understood that if a lump sum payment was made for past Other Income, payments under the plan would be prorated in accordance with Plan provisions and that, if he did not make the agreed upon lump sum payment, Plaintiff would have the right to withhold benefits until it received full reimbursement of the overpayment. Id.

In November 1997, Plaintiff learned that Defendant had received an award of Social Security Disability Income (SSDI) and dependent benefits, including a retroactive award. Id. at ¶ 19. From September 1993 to September 1997, Plaintiff paid Defendant $38,247.05 (the Overpayment), but should have only paid him $4,863.33 in Plan benefits during that time. Id. Plaintiff offset Defendant's Monthly Benefit against the amount of the Overpayment through February 2003, thereby reducing the outstanding amount to $19,256.97. Id. at ¶ 20. Plaintiff has demanded that

Defendant reimburse the Plan for the outstanding amount of the Overpayment, but Defendant has failed to do so. Id. at ¶¶ 21-22.

Plaintiff filed this action on January 22, 2008, and served Defendant on January 29, 2008. See Return of Service (Document # 7). When Defendant failed to file an Answer or otherwise respond, Plaintiff filed a Request for Entry of Default (Document # 15). The Clerk's Entry of Default (Document # 16) was filed on July 31, 2009. Plaintiff filed the present Motion for Default Judgment on August 3, 2009.

## III.  DISCUSSION

Pursuant to 29 U.S.C. § 1132(a)(3)(B), which authorizes courts to award "appropriate equitable relief (i) to redress such violations [of an ERISA-governed plan] or (ii) to enforce any provisions of this title and the terms of the plan," this Court may declare the respective rights of the parties concerning benefit overpayments by the Plan. As stated above, Defendant has failed to answer Plaintiff's complaint and entry of default has been made by the Clerk of Court.

Rule 55(b), Fed.R.Civ.P., allows for entry of default judgment if the plaintiff's claim is for a sum certain with an affidavit showing the amount due.[1] Plaintiff asserts in its Complaint that the amount owed by Defendant is $19,256.97. In addition, attached to its Motion for Default Judgment is the Affidavit of Chuck Alaimo, an employee of Sun Life. Alaimo Aff. at ¶ 2. Alaimo avers that the outstanding amount of the overpayment is $19,256.97. Id. at ¶ 7. Because Plaintiff's claim is for a sum certain as supported by the Affidavit of Chuck Alaimo, entry of default judgment is proper.

Plaintiff also attaches the Affidavit of Andrew T. Jones, an attorney for Plaintiff. Jones Aff. at ¶ 1. Jones provides a calculation of the attorneys' fees incurred by Plaintiff in this action, which total $5,173.50, and the costs and expenses of this action, which total $1,121.97. Id. at ¶¶ 5, 9. The

---

[1]When this is the case, the Clerk may enter default judgment.

total legal fees and costs amounts to $6,295.47. The undersigned finds the amount of these fees and costs to be reasonable and proper pursuant to 29 U.S.C. § 1132(g).

**IV.     CONCLUSION**

For the reasons discussed above, it is recommended that Plaintiff's Motion for Default Judgment (Document # 12) be granted and judgment be entered against Defendant in the amount of $25,552.44.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

January 13, 2009  
Florence, South Carolina